ORIGINAL

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
3  4328 Redwood Hwy., Suite 300
   San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900
5
   Attorneys for Plaintiff
6  PATRICK CONNALLY

E-filing

FILED
2010 DEC 27 P 2:32
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7           UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9

10                                          CASE NO.
                                            Civil Rights    CV 10    5890
11  PATRICK CONNALLY, an individual,      )
                                          )
12          Plaintiff,                    )  DMR
                                          )
13  v.                                    )  COMPLAINT FOR INJUNCTIVE RELIEF
                                          )  AND DAMAGES:
14                                        )
    FORT MASON MARKET and DELI;           )  **1st CAUSE OF ACTION:** For Denial of Access
15  BARBARA R. BOYLE, Trustee of the      )  by a Public Accommodation in Violation of the
    Barbara R. Boyle Marital Trust; and   )  Americans with Disabilities Act of 1990 (42
16  CATHERINE BRANDI-LINT, Trustee of     )  U.S.C. §12101, *et seq.*)
    the Robert A. Lint and Catherine Brandi- )
17  Lint 2008 Inter Vivos Trust,          )  **2nd CAUSE OF ACTION:** For Denial of Full
                                          )  and Equal Access in Violation of California
18          Defendants.                   )  Civil Code §§54, 54.1 and 54.3
                                          )
19  _____)  **3rd CAUSE OF ACTION:** For Denial of
                                             Access to Full and Equal Accommodations,
20                                           Advantages, Facilities, Privileges and/or
                                             Services in Violation of California Civil Code
21                                           §51, *et seq.* (The Unruh Civil Rights Act)

22                                           **DEMAND FOR JURY**

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff PATRICK CONNALLY, an individual, complains of defendants BARBARA R.

2    BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT,

3    Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust and alleges as

4    follows:

5    **INTRODUCTION:**

6        1.      This is a civil rights action for discrimination against persons with physical

7    disabilities, of which class plaintiff PATRICK CONNALLY and the disability community are

8    members, for failure to remove architectural barriers structural in nature at defendants' FORT

9    MASON MARKET and DELI, a place of public accommodation, thereby discriminatorily

10   denying plaintiff and the class of other similarly situated persons with physical disabilities access

11   to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods,

12   facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages

13   pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California

14   Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15       2.      Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

16   about September 7, 2010, September 23, 2010 and November 11, 2010, was an invitee, guest,

17   patron, customer at defendants' FORT MASON MARKET and DELI, in the City of San

18   Francisco, California.  At said times and place, defendants failed to provide proper legal access

19   to the market and deli, which is a "public accommodation" and/or a "public facility" including,

20   but not limited to the entrance, signage and non compliant aisle ways.  The denial of access was

21   in violation of both federal and California legal requirements, and plaintiff PATRICK

22   CONNALLY suffered violation of his civil rights to full and equal access, and was embarrassed

23   and humiliated.

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1701 Greenwich Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff PATRICK CONNALLY is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff has severe traumatic head injury, chronic arthritis in upper extremities and constant joint inflammation, pain and swelling.  Plaintiff PATRICK CONNALLY requires the use of a wheelchair to travel about in public.

///

///

///

///

1    Consequently, plaintiff PATRICK CONNALLY is a member of that portion of the public whose

2    rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access

3    to Public Accommodations by Physically Handicapped Persons") and the protections of the

4    Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54,

5    and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6         6.       Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital

7    Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-

8    Lint 2008 Inter Vivos Trust (hereinafter alternatively collectively referred to as "defendants") are

9    the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees,

10   of the public accommodation known as FORT MASON MARKET and DELI, located at/near

11   1701 Greenwich Street, San Francisco, California, or of the building and/or buildings which

12   constitute said public accommodation.

13        7.       At all times relevant to this complaint, defendants BARBARA R. BOYLE,

14   Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the

15   Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, own and operate in joint

16   venture the subject FORT MASON MARKET and DELI as a public accommodation.  This

17   business is open to the general public and conducts business therein.  The business is a "public

18   accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

19   51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

20   *seq.*

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8.     At all times relevant to this complaint, defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust are jointly and severally responsible to identify and remove architectural barriers at the subject FORT MASON MARKET and DELI pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201     General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

## PRELIMINARY FACTUAL ALLEGATIONS:

9.     The FORT MASON MARKET and DELI, is a located at/near 1701 Greenwich Street, San Francisco, California 94123. The FORT MASON MARKET and DELI, its entrance, signage and non compliant aisle ways, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the market and each of its facilities, entrance, signage and non compliant aisle ways to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.    On or about March 26, 2010, defendants' and each of them purchased and/or took possessory control of the premises now known as FORT MASON MARKET and DELI. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that FORT MASON MARKET and DELI was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated market and deli as though it was accessible.

11.    At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the FORT MASON MARKET and DELI as being handicapped accessible and handicapped usable.

13.    On or about September 7, 2010, September 23, 2010 and November 11, 2010, plaintiff PATRICK CONNALLY was an invitee and guest at the subject FORT MASON MARKET and DELI, for purposes of purchasing goods.

14.    On or about September 7, 2010, September 23, 2010 and November 11, 2010, plaintiff PATRICK CONNALLY was unable to independently participate in the goods and services at FORT MASON MARKET AND DELI because of an approximately six (6) inch high landing.

15.    At said times and place, plaintiff PATRICK CONNALLY had personal knowledge that the aisle ways/paths of travel inside FORT MASON MARKET and DELI were non compliant. As such, it would've been a "futile gesture" to attempt to use them.

16.     On or about October 18, 2010, plaintiff PATRICK CONNALLY wrote both the landlord and the tenant about his concerns with the step and not being able to access the market deli.  Plaintiff PATRICK CONNALLY provided a solution.  In part he wrote:

> "Is there a way to do a curb cut in or a permanent ramp?  Maybe another entrance?  Maybe what you need is to get a portable light aluminum ramp and install a buzzer and sign for use by the disabled.  For every one inch of step up, you need one foot of ramp.  So, if your step is 5" high, you need a 5ft. ramp.  If it's 8" high, you need a 8ft. ramp.  The sign should say something like: "Press buzzer for ramp assistance."  Maybe make it 11"x17" with the wheelchair symbol in white and blue background.  You've seen those signs, haven't you?
>
> A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267.  There are other places to get a ramp from but here is a start."

Plaintiff PATRICK CONNALLY never received a response.

17.     Therefore, at said times and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject FORT MASON MARKET AND DELI, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of directional signage to show accessible routes of travel, i.e. entrances;

b.     lack of an accessible entrance due to a six (6) inch step/landing; and

c      lack of accessible paths of travel throughout the store; and

d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1     19.    On or about October 18, 2010, defendant(s) were sent two (2) letters by or on

2 behalf of plaintiff PATRICK CONNALLY advising of their need to take immediate action to

3 remove architectural barriers and requesting a written response upon receipt of his letter,

4 promising to immediately remove the barriers and providing a date when that would be

5 accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by

6 reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not

7 to seek or engage in an early and reasonable resolution of the matter.

8     20.    At all times stated herein, defendants, and each of them, did not act as reasonable

9 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

10 removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONNALLY

11 from receiving the same goods and services as able bodied people and some of which may and did

12 pose a threat of harm and/or personal injury to people with disabilities.

13     21.    As a legal result of defendants BARBARA R. BOYLE, Trustee of the Barbara R.

14 Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and

15 Catherine Brandi-Lint 2008 Inter Vivos Trust's failure to act as a reasonable and prudent public

16 accommodation in identifying, removing or creating architectural barriers, policies, practices and

17 procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the

18 damages as alleged herein.

19     22.    As a result of the denial of equal access to defendants' facilities due to the acts and

20 omissions of defendants, and each of them, in owning, operating and maintaining these subject

21 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

22 rights under Civil Code §§54, 54.1 and 54.3.

23     23.    Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental

24 distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

25 humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

26 associated with a person with physical disabilities being denied access, all to his damages as

27 prayed hereinafter in an amount within the jurisdiction of this court.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  No claim is being made for mental and emotional distress over and above that usually associated
2  with the discrimination and physical injuries claimed, and no expert testimony regarding this
3  usual mental and emotional distress will be presented at trial in support of the claim for damages.

4      24.    Defendants', and each of their, failure to remove the architectural barriers
5  complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said
6  public accommodation, and continues to create continuous and repeated exposure to substantially
7  the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as
8  stated herein.

9      25.    Plaintiff PATRICK CONNALLY was denied his rights to equal access to a public
10  facility by defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and
11  CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008
12  Inter Vivos Trust, because defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle
13  Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine
14  Brandi-Lint 2008 Inter Vivos Trust maintained a market and deli without access for persons with
15  physical disabilities to its facilities, including but not limited to entrance, signage and non
16  compliant aisle ways, and other public areas as stated herein, and continue to the date of filing this
17  complaint to deny equal access to plaintiff and other persons with physical disabilities in these and
18  other ways.

19      26.    On information and belief, construction alterations carried out by defendants have
20  also triggered access requirements under both California law and the Americans with Disabilities
21  Act of 1990.

22      27.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the FORT
23  MASON MARKET and DELI to be made accessible to meet the requirements of both California
24  law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
25  defendants operate the FORT MASON MARKET and DELI as a public facility.

26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      28.    Plaintiff seeks damages for violation of his civil rights on September 7, 2010,

2  September 23, 2010 and November 11, 2010 and seeks statutory damages of not less than $4,000,

3  pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day

4  after his visit that the trier of fact (court/jury) determines was the date that some or all remedial

5  work should have been completed under the standard that the landlord and tenant had an ongoing

6  duty to identify and remove architectural barriers where it was readily achievable to do so, which

7  deterred plaintiff PATRICK CONNALLY from returning to the subject public accommodation

8  because of his knowledge and/or belief that neither some or all architectural barriers had been

9  removed and that said premises remains inaccessible to persons with disabilities whether a

10  wheelchair user or otherwise.

11      29.    On information and belief, defendants have been negligent in their affirmative duty

12  to identify the architectural barriers complained of herein and negligent in the removal of some or

13  all of said barriers.

14      30.    Because of defendants' violations, plaintiff and other persons with physical

15  disabilities are unable to use public facilities such as those owned and operated by defendants on a

16  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18  other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling

19  defendants to make the FORT MASON MARKET and DELI accessible to persons with

20  disabilities.

21

22

23

24

25

26

27

28

31.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other markets and deli's and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

32.     Plaintiff is informed and believes and therefore alleges that defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, and each of them, caused the subject building(s) which constitute the FORT MASON MARKET and DELI to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the market and deli and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said market and deli and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the market and deli and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff PATRICK CONNALLY, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

33.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the FORT MASON MARKET and DELI and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff PATRICK CONNALLY himself, sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the market and deli accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the market and deli.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

34.     Plaintiff PATRICK CONNALLY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I.  **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive)
(42 U.S.C. §12101, *et seq.*)

35.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 34 of this complaint.

36.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

37.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

38.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

39.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

40.   The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)   the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)   a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

1   privilege, advantage, or accommodation being offered or would
    result in an undue burden;

2
            (iv)    a failure to remove architectural barriers, and
3   communication barriers that are structural in nature, in existing
    facilities . . . where such removal is readily achievable; and

4
            (v)     where an entity can demonstrate that the removal of
5   a barrier under clause (iv) is not readily achievable, a failure to
    make such goods, services, facilities, privileges, advantages or
6   accommodations available through alternative methods if such
    methods are readily achievable.

7

8   The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

9   Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

10  January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

11  §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

12          41.     The removal of the barriers complained of by plaintiff as hereinabove alleged were

13  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of FORT

14  MASON MARKET and DELI pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information

15  and belief, if the removal of all the barriers complained of herein together was not "readily

16  achievable," the removal of each individual barrier complained of herein was "readily

17  achievable." On information and belief, defendants' failure to remove said barriers was likewise

18  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

19  (b)(2)(A)(i)and (ii).

20          42.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

21  accomplishable and able to be carried out without much difficulty or expense." The statute

22  defines relative "expense" in part in relation to the total financial resources of the entities

23  involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

24  plaintiff complains of herein were and are "readily achievable" by the defendants under the

25  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

26  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

27  make the required services available through alternative methods which were readily achievable.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

43.     On information and belief, construction work on, and modifications of, the subject building(s) of FORT MASON MARKET and DELI occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

44.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

45.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or about November 11, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

46.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

II.  **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

47.   Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

49.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

50.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

51.     Plaintiff PATRICK CONNALLY is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' FORT MASON MARKET and DELI.   As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the FORT MASON MARKET and DELI because of his knowledge and belief that the market and deli is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

52.     On or about September 7, 2010, September 23, 2010 and November 11, 2010, plaintiff PATRICK CONNALLY suffered violations of Civil Code §§54 and 54.1 in that plaintiff PATRICK CONNALLY was denied access to entrance, signage and non compliant aisle ways and other public facilities as stated herein at the FORT MASON MARKET and DELI and on the basis that plaintiff PATRICK CONNALLY was a person with physical disabilities.

53.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

54.   Further, plaintiff PATRICK CONNALLY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

55.   Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about September 7, 2010, September 23, 2010 and November 11, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

56.   As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

**III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive)
(Civil Code §51, 51.5)

57.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 56 of this complaint.

58.  Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2 | "intent" of the defendants in not complying with barrier removal is not an issue.

3 | Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations,

4 | in acting or failing to act to identify and remove barriers can be construed as a "negligent per se"

5 | act of defendants, and each of them.

6 |      59.    The acts and omissions of defendants stated herein are discriminatory in nature and

7 | in violation of Civil Code §51.5:

8 |                No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to,

9 | or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of

10 | the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates,

11 | suppliers, or customers.

12 |                As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation,

13 | limited liability company, or company.

14 |                Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or

15 | modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other

16 | provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything

17 | in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction,

18 | alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

19 |

20 |      60.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21 | equal accommodations, advantages, facilities, privileges and services in a business establishment,

22 | on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23 | Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24 | violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25 | Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

26 | the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27 | §35, *et seq.*, as if repled herein.

28 | ///

61. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

62. Further, plaintiff PATRICK CONNALLY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

63. Plaintiff PATRICK CONNALLY is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive, to make the FORT MASON MARKET and DELI, located at 1701 Greenwich Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive, to make the FORT MASON MARKET and DELI, located at 1701 Greenwich Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

///

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      General damages according to proof;

6.      For all costs of suit;

7.      Prejudgment interest pursuant to Civil Code §3291; and

8.      Such other and further relief as the court may deem just and proper.

III.    **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants BARBARA R. BOYLE, Trustee of the Barbara R. Boyle Marital Trust; and CATHERINE BRANDI-LINT, Trustee of the Robert A. Lint and Catherine Brandi-Lint 2008 Inter Vivos Trust, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4   Dated: _12/15/10_, 2010         THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
5

6

7                                    By: _____

8                                         THOMAS E. FRANKOVICH
                                          Attorneys for Plaintiff PATRICK CONNALLY, an
                                          individual
9

10                          **DEMAND FOR JURY TRIAL**

11          Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13

14  Dated: _12/15/10_, 2010         THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
15

16                                   By: _____

17                                        THOMAS E. FRANKOVICH
                                          Attorneys for Plaintiff PATRICK CONNALLY, an
                                          individual
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

October 18, 2010

Manager
Fort Mason Market and Deli
1701 Greenwich
San Francisco, Ca 94123

Dear Manager of Fort Mason Market and Deli:

Recently, I visited Fort Mason Market & Deli, and I couldn't get in.  You see, I use a wheelchair and there is a step to get in.  Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp?  Maybe another entrance?  Maybe what you need is to get a portable light aluminum ramp and install a buzzer and sign for use by the disabled.  For every one inch of step up, you need one foot of ramp.  So, if your step is 5" high, you need a 5ft. ramp.  If it's 8" high, you need a 8ft. ramp.  The sign should say something like: "Press buzzer for ramp assistance."  Maybe make it 11"x17" with the wheelchair symbol in white and blue background.  You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267.  There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing!  If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!"  You understand, right?  Anyway, please write me when you get this letter and make me a promise that you will take care of this right away.  Give me a date.  If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do.  Thanks!

Sincerely,

Patrick Connally

ExH A

Patrick Connally
164 N. San Pedro Rd., Apt C103
San Rafael, CA 94903

October 18, 2010

Owner Of Building
Fort Mason Market and Deli
1701 Greenwich
San Francisco, Ca 94123

Dear Owner of Building for Fort Mason Market and Deli:

Recently, I visited Fort Mason Market & Deli, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp? Maybe another entrance? Maybe what you need is to get a portable light aluminum ramp and install a buzzer and sign for use by the disabled. For every one inch of step up, you need one foot of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11"x17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Patrick Connally